Meyer *vs.* Dawson.

GABRIEL MAYER, plaintiff in error, *vs.* THOMAS H. DAWSON, defendant in error.

1. New trial sought on the ground of error in the verdict, refused on account of great conflict in the evidence.

Motion for new trial, in Dougherty Superior Court. Decided by Judge RICHARD H. CLARK, at the June Term, 1863.

This was an action brought by Thomas H. Dawson against Gabriel Mayer, to recover damages for an alleged breach of warranty of the soundness of a horse.

The testimony adduced on the trial of the case in the Court below, developed the facts following, that is to say:

On the first day of May, 1856, at Isabella, in the county of Worth, Dawson purchased a light-bay horse from Mayer, for which he paid the sum of $200 00, Mayer expressly warranting the horse to be sound. In behalf of the plaintiff there were five witnesses sworn, from whose testimony it appeared that on the day that the plaintiff bought the horse, or on the day after the trade, the horse was afflicted with a cough that indicated bellows or heaves; that the cough continued to such an extent, and with such severity as to render the horse valueless. One of the witnesses, who had long been familiar with the diseases of horses, and the remedies applied for their cure, gave it as his opinion that the horse's wind was permanently injured, and that the disease could not be cured. All of the plaintiff's witnesses agreed that the horse breathed with difficulty, coughed constantly, and was worthless.

In behalf of the defendant there were also five or six witnesses sworn, who testified that they knew the horse well, and that in their judgment he was sound. One of the defendant's witnesses, who testified very strongly, was discredited on the score of general bad character, by one of the jurors who tried the case.

When the testimony had closed, the presiding Judge charged the jury, amongst other things: "That if they were satisfied from the evidence that the horse was sound on the

Meyer *vs.* Dawson.

day of, sale, although he may have become unsound on the day after the sale, the defendant was not liable on his warranty."

" That the plaintiff must make out his case to the satisfaction of the jury; he must not leave it doubtful, either from the circumstances which surround it, or from the character of his witnesses."

" That the jury are not authorized to find according to the weight of probability only, and that the evidence should so preponderate in favor of the plaintiff as to satisfy the jury that he is clearly entitled to recover, or it is their duty to find for the defendant."

These instructions were given to the jury at the request of counsel for the defendant.

The jury found for the plaintiff $200 00, with interest and costs of suit.

Counsel for the defendant then moved for a new trial on the following grounds:

1st. Because the jury found contrary to law.

2d. Because the jury found contrary to the evidence.

3d. Because the verdict is without evidence to support it, the weight of evidence greatly preponderating against it.

4th. Because the jury found contrary to the charge of the Court, as hereinbefore set forth.

5th. Because since the trial he has discovered evidence (of which he knew nothing before) by which he can abundantly support the witness which the plaintiff had attacked.

Judge Allen, who presided at the time of the trial, granted the rule *nisi* for a new trial, but when it came on for a hearing before Judge Clark, he discharged the rule, and refused the new trial.

This decision is the error alleged in the record.

Samuel D. Irwin, for plaintiff in error.

Strozier & Smith, *contra.*

Davis *vs.* The State of Georgia.

*By the Court*—JENKINS, J., delivering the opinion.

The error complained of is the refusal of the Court below to grant a new trial on account of error in the verdict.

The charge of the Court to the jury was quite as favorable to the defendant as he could desire. It was eminently an issue of fact. There was great conflict in the evidence, the solution of which was the province of the jury, and we think the Court below very properly refused to disturb the verdict. The judgment is affirmed.

Let the judgment be affirmed.